UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MABIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV02469 ERW |
| ) | |
| CHIEF DEPUTY CLERK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint under 28 U.S.C. § 1915(e). After reviewing the complaint, the Court has determined that this action must be dismissed without further proceedings.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 and Bivens. Named as defendants are the Chief Deputy Clerk for the United States Court of Appeals for the Eighth Circuit and several private individuals. Plaintiff claims that the Chief Deputy Clerk practiced law by refusing to file a Rule 33 new evidence motion. Plaintiff claims that the other defendants filed false affidavits against him in a criminal action, which resulted in his conviction.

Petitioner has also filed several motions demanding that the Court recuse itself from these proceedings because the Court presided over plaintiff's criminal action and § 2255 case.

**Discussion**

First, the Court notes that recusal is unnecessary. Plaintiff is merely unhappy that the Court has ruled adversely to his interests in the past. This does not constitute grounds for the Court to recuse itself. Plaintiff accuses the Clerk of directly assigning this case, but this is not correct. This case was randomly assigned. As a result, plaintiff's motions for recusal will be denied.

Defendant Chief Deputy Clerk is protected by judicial immunity from damages for alleged civil rights violations committed in connection the filing of cases. See Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989). As a result, the allegations are legally frivolous with regards to the Chief Deputy Clerk.

APrivate actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law.@ Johnson v.

Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. See White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981). Here, plaintiff fails to allege facts sufficient to give rise to the inference that any private party defendants came to a mutual understanding with any state actors to violate his constitutional rights. As a result, the complaint does not state a claim against any of the other defendants, and the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

A separate Order of Dismissal will be filed forthwith.

So Ordered this 12th day of March, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE